```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

```
DARRELL ROTHWELL,                :
                                 :   Civil Action No. 13-6671 (SDW)
            Petitioner,          :
                                 :
       v.                        :   OPINION
                                 :
UNITED STATES OF AMERICA,        :
                                 :
            Respondent.          :
```

**APPEARANCES:**

    DARRELL ROTHWELL, Petitioner *Pro Se*
    # 02018-016
    FCI Fairton
    P.O. Box 420
    Fairton, New Jersey 08320

**WIGENTON**, District Judge

    Petitioner Darrell Rothwell ("Petitioner"), a federal inmate presently confined at the FCI Fairton in Fairton, New Jersey, has submitted a petition for a writ of error coram nobis pursuant to 28 U.S.C. § 1651 (the "All Writs Act"), or for a writ of audita querela, to re-open his sentencing with regard to a criminal conviction entered in Criminal Action No. 96-cr-0196 (SDW). Because it appears from review of the petition, the Government's response, and the prior record related to Petitioner's sentencing, that Petitioner is not entitled to the relief he seeks, the Court will dismiss the petition without prejudice.

I.   BACKGROUND

On April 9, 1996, the Government filed an indictment charging Petitioner with three counts: Count I, conspiracy in violation of 18 U.S.C. § 371; Count II, attempted bank robbery in violation of 18 U.S.C. § 2113(a); and Count III, entering a bank with the intent to steal or rob in violation of 18 U.S.C. § 2113(a).  (*USA v. Rothwell*, Docket No. 2:96-cr-00196.)

On November 11, 1996, a jury found Petitioner guilty of Count I and acquitted Petitioner on Counts II and III.  On April 8, 1997, the sentencing court determined that Petitioner was subject to the enhanced penalty provision of 18 U.S.C. § 3559(c) ("the Three Strikes law"), and sentenced Petitioner to life imprisonment.

Petitioner filed a timely appeal.  On February 4, 1998, the United States Court of Appeals for the Third Circuit affirmed the district court's judgment of conviction and sentence.  *U.S. v. Rothwell*, 142 F.3d 430 (3d Cir. 1998). Petitioner applied for writ of certiorari, which the Supreme Court denied on May 18, 1998.  *Rothwell v. U.S.*, 523 U.S. 1131  (1998).

On May 17, 1999, Petitioner filed a motion for collateral or habeas review pursuant to 28 U.S.C. § 2255.  (*Rothwell v. USA*, Docket No. 2-99-cv-02258 (JWB).)  In his motion for habeas

relief, Petitioner argued: (1) that he received ineffective assistance of counsel because his attorney failed to object to the use of the predicate offense carrying the highest penalty, and his trial counsel failed to make a timely objection to the application of the Three Strikes law; and (ii) that the sentence imposed upon Petitioner pursuant to the Three Strikes law violated the Fifth Amendment to the United States Constitution and that his sentence was defective, resulting in a "complete miscarriage of justice." (*Id.*, Docket # 1.)

On January 8, 2002, the Honorable John W. Bissell, U.S.D.J., dismissed all of Petitioner's claims, with the exception of Petitioner's claim under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), which the court denied without prejudice. (*Rothwell v. USA*, Docket No. 2-99-cv-02258 (JWB) at Dkt. ## 9, 10.) Petitioner appealed from denial of his § 2255 motion, and on March 4, 2002, the Third Circuit denied his appeal. On July 1, 2004, the Supreme Court denied Petitioner's writ of certiorari. (*Id.* at Dkt. # 15.)

Thereafter, on September 26, 2005, Petitioner filed a motion under Federal Rules of Civil procedure 60(b), seeking reconsideration of the denial of his § 2255 motion. (*Id.* at Dkt. # 16.) Petitioner again argued that his trial counsel was

3

ineffective because counsel failed to inform the District Court at sentencing about law that would have precluded application of the Three Strikes law. (*Id.*) On August 26, 2008, the Honorable Stanley R. Chesler, U.S.D.J., dismissed Petitioner's Rule 60(b) motion on the ground that it was a successive motion for relief under 28 U.S.C. § 2255, and Petitioner had not first obtained certification from the Third Circuit for the District Court to hear such a motion, as required under § 2255(h). (*Id.* at Dkt. # 21.)

On November 5, 2008, Petitioner filed an appeal from denial of his Rule 60(b) motion. (*Id.* at Dkt. # 22.) The Third Circuit denied issuance of a certificate of appealability on May 21, 2009, finding that no reasonable jurist would debate the correctness of the District Court's decision to treat Petitioner's Rule 60(b) motion as a prohibited second or successive motion under § 2255. (*Id.* at Dkt. # 27.)

Some years later, on June 12, 2012, Petitioner filed the instant petition for a writ of error coram nobis and/or audita querela in his closed criminal case. (*USA v. Rothwell*, Docket No. 2:96-cr-00196 at Dkt. # 109.) The petition seeks to vacate his sentence and re-open his case for re-sentencing on the ground that the Court was without authority to impose a

4

mandatory life sentence under the Three Strikes law because Petitioner's instant offense (conspiracy to commit robbery) was a non-qualifying serious violent felony under 18 U.S.C. § 3559(c)(3)(A)(1); namely, no dangerous weapon or firearm was used during the offense. (*Id*.) On August 2, 2012, the Government filed an opposition letter brief to the petition. (Id. at Dkt. # 114.) Petitioner filed a reply on October 2, 2012. (*Id*. at 116.)

## II. DISCUSSION

The extraordinary writ under 28 U.S.C. § 1651(A) enables the federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). "The writ of error coram nobis is an 'infrequent' and 'extraordinary' form of relief that is reserved for 'exceptional circumstances.'" *United States v. Babalola*, 248 F. App'x 409, 411 (3d Cir. 2007) (citing *Carlisle v. United States*, 517 U.S. 416, 429 (1996)); see also *Massey v. U.S.*, 581 F.3d 172, 174 (3d Cir. 2009) (holding that the All Writs Act is a residual source of authority to issue writs in exceptional circumstances only). Because a writ of error coram nobis is such an extraordinary remedy, a court's ability to grant relief is of correspondingly

limited scope. *United States v. Rhines*, 640 F.3d 69, 71 (3d Cir. 2011); *United States v. Baptiste*, 223 F.3d 188, 189 (3d Cir. 2000).[1] Furthermore, in light of the many avenues available in federal criminal practice to challenge alleged trial errors or irregularities, the Supreme Court has held that "it is difficult to conceive of a situation in a federal criminal case today where [a writ of coram nobis] would be necessary or appropriate." *Carlisle v. United States*, 517 U.S. 416, 429 (1996) (citation omitted).

Indeed, the Supreme Court has long recognized that the writ of error coram nobis should be allowed "only under circumstances compelling such action to achieve justice." *United States v. Morgan*, 346 U.S. 502, 511 (1954). Typically, a petition for writ of error coram nobis "is used to attack allegedly invalid convictions which have continuing consequences, when the petitioner has completed serving his sentence and is no longer 'in custody' for purposes of 28 U.S.C. § 2255". *Babalola*, 248 F. App'x at 411. *See also Baptiste*, 223 F.3d at 189 (holding

---

[1] The writ of error coram nobis is a step in a criminal case. *U.S. v. Morgan*, 346 U.S. at 505 n.4 (1953). Thus, it is properly brought before the Court that imposed the challenged criminal judgment. *See Hauptmann v. Wilentz*, 570 F. Supp. 351, 401 (D.N.J. 1983), *aff'd*, 770 F.2d 1070 (3d Cir. 1985), *cert. denied*, 474 U.S. 1103 (1986).

that the writ of error coram nobis is appropriate when a petitioner is no longer in custody but suffers continuing consequences from an unlawful conviction). "A coram nobis petitioner must ... show that (1) he is suffering from continuing consequences of the allegedly invalid conviction; (2) there was no remedy available at the time of trial; and that (3) sound reasons exist for failing to seek relief earlier." *Babalola*, 248 F. App'x at 412 (internal quotes and cites omitted). Although a petitioner seeking a writ of error coram nobis faces a heavy burden, the United States Supreme Court "ha[s] reaffirmed the continued existence of coram nobis relief in the appropriate circumstances." *Id*. (citing *Morgan*, 346 U.S. at 511).

The Supreme Court has held, however, that when an alternative remedy such as habeas corpus is available, a writ of error coram nobis may not issue. *United States v. Denedo*, 556 U.S. 904, 911 (2009). Further, it is of no moment that the Antiterrorism and Effective Death Penalty Act (AEDPA) limits Petitioner's right to prosecute a second or successive habeas motion, *see* § 2255(h); "the procedural barriers erected by AEDPA are not sufficient to enable a petitioner to resort to coram nobis merely because he/she is unable to meet AEDPA's

7

gatekeeping requirements." *Baptiste*, 223 F.3d at 189–90. *See also Hyman v. U.S.*, 444 F. App'x 579, 580 (3d Cir. 2011) (holding that coram nobis relief was not available to a federal inmate, despite limits on the inmate's right to prosecute second or successive § 2255 motion to vacate, where the inmate remained in custody).

As stated above, coram nobis relief is available only to a petitioner who is not in "custody." *United States v. Stoneman*, 870 F.2d 102 (3d Cir.1989). Thus, the extraordinary remedy of coram nobis is used characteristically to vacate convictions after a petitioner is no longer in custody for purposes of § 2255 only if, inter alia, "sound reasons exist for failing to seek relief earlier." *Mendoza v. United States*, 690 F.3d 157, 159 (3d Cir. 2012) (quotation marks omitted). In *Mendoza*, the Third Circuit affirmed the district court's denial of a coram nobis petition on the basis of unreasonable delay when the petitioner waited some four years to allege that his counsel had rendered ineffective assistance. *See id*. at 160. In doing so, the Third Circuit rejected the petitioner's reliance on the unsettled state of the relevant law because "[t]hat the law is unsettled does not justify a delay in filing a coram nobis

8

petition." *Id*. *See also U.S. v. Glover*, --- F. App'x ----, 2013 WL 5664670, *1 (3d Cir. Oct. 18, 2013).

Similarly, the writ of audita querela survives only to the extent that it fills in gaps in the current system of post-conviction relief. *United States v. Valdez-Pacheco*, 237 F.3d 1077, 1079 (9th Cir. 2001). A petitioner cannot invoke the writ of audita querela where his claims are cognizable under § 2255. *See U.S. Gonzalez-Rivera*, --- F. App'x ----, 2013 WL 4472702, *2 (3d Cir, Aug. 22, 2013) (citing *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005), which held that the writ of audita querela is unavailable where relief is cognizable under § 2255).

Here, a writ of error coram nobis is not available to Petitioner Rothwell because he is still in custody for the purposes of section 2255. *See Baptiste*, 223 F.3d at 189. Moreover, Petitioner's claim essentially is a successive habeas application to his earlier, rejected § 2255 motion. Finally, it also appears that Petitioner waited almost four years before filing this successive petition, which does not appear to be based on "newly discovered evidence" or a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(1) and (2). Therefore, this petition must

be dismissed. Petitioner must first seek authorization to file a successive section 2255 motion pursuant to 28 U.S.C. § 2244(b), rather than petition for a common law writ of error coram nobis. *See Denedo*, 556 U.S. at 911; *U.S. v. Abuhouran*, 508 F. App'x 95, 96 (3d Cir. 2013).

### III. CERTIFICATE OF APPEALABILITY

Because this Court has deemed this action as a prohibited second or successive motion under 28 U.S.C. § 2255, the Court next must determine whether a certificate of appealability should issue. *See* Third Circuit Local Appellate Rule 22.2. The Court may issue a certificate of appealability only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies a habeas petition on procedural grounds without reaching the underlying constitutional claim, the prisoner must demonstrate that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district

court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id*.  For the reasons discussed above, this petition is a prohibited successive § 2255 motion.  The Court also is persuaded that reasonable jurists would not debate the correctness of this conclusion.  Consequently, a certificate of appealability will not be issued.

IV. <u>CONCLUSION</u>

For the foregoing reasons, the Court dismisses Petitioner's application for a writ of error coram nobis and/or audita querela under 28 U.S.C. § 1651.  An appropriate Order follows.


                                        _*S/ Susan D. Wigenton*_____
                                        SUSAN D. WIGENTON
                                        United States District Judge
Dated: November 14, 2013